In the Matter of James R. Nichols.

*District Court, S. D. New York.    March 9, 1880.)*

Bankruptcy — Discharge — Jurisdiction of Court — Seat in Stock Exchange—Rev. St. §§ 5604, 5051.—A bankrupt cannot be compelled, after his discharge, by an order of the court having jurisdiction of the bankruptcy proceedings, to execute such instruments as may be necessary to enable the assignee to make available, as assets of the bankrupt's estate, a seat in the New York Stock Exchange held by the bankrupt at the time of the filing of his petition.

*Alex. Thain*, for motion.

*Knox & Woodward*, contra.

CHOATE, J. This is an application to compel the bankrupt to execute necessary instruments to enable the assignee to make available, as assets of the bankrupt's estate, a seat in the New York Stock Exchange held by the bankrupt at the time of the filing of his petition.

More than three years before this motion was made the bankrupt was discharged. He has now appeared by counsel, and takes the objection that since his discharge he is not subject to the summary jurisdiction of the court, nor can be compelled by an order in the bankruptcy proceeding to execute writings or instruments to enable the assignee to demand, recover and receive the property assigned. He also claims that in this case it was determined by the court that the seat in the stock exchange was not property to which the assignee is entitled. This decision is claimed to have been made in passing on the application of the bankrupt for his discharge.

An examination of the record, however, shows that the specifications of the opposing creditors were for wilfully and fraudulently omitting this item from his schedule, wilfully swearing falsely to the truth of the affidavit annexed to the schedule which omitted this asset, and wilfully swearing falsely in his examination that he had no other property than that named in the schedule. It is evident that the overruling of these specifications as not proved, and the granting of the discharge, were not a determination of the question whether or not the seat was an asset of the estate in bankruptcy. The charges were of *willful* and *fraudulent concealment*, and *wilfully false swearing*. And it is clear that, to find these charges proved, the court must have been satisfied that the bankrupt, *knowing* and *believing* that the seat was property to which his creditors were entitled, intentionally omitted it from his schedule, and wilfully swore falsely about it. The objection that the question is *res adjudicata* must, therefore, be overruled.

The objection that the bankrupt is liable to the summary order of the court, such as is now asked for, only before his discharge, is, I think, well taken. Revised Statutes, § 5604, provides: "The bankrupt shall at all times, until his dis-

charge, be subject to the order of the court, and shall, at the expense of the estate, execute all proper writings and instruments, and do all acts required by the court, touching the assigned property or estate, and to enable the assignee to demand, recover and receive all the property and estate assigned, wherever situated. For neglect or refusal to obey any order of the court the bankrupt may be committed and punished as for a contempt of court." This was part of section 26 in the original act. By section 14, which defined the title and powers of the assignee, it was also provided that "the debtor shall also, at the request of the assignee, and at the expense of the estate, make and execute any instruments, deeds and writings which may be proper to enable the assignee to possess himself fully of all the assets of the bankrupt." This is re-enacted in the revised statutes as section 5051. In the case of *In re Dole*, 11 Bl. 499, it was held that the summary power of the court to compel the bankrupt to submit to examination under section 26 was limited to the time prior to his discharge, and that the discharge was the termination of his proceeding, so far as he is concerned.

The argument is still stronger against the exercise of the summary power to compel the execution of papers after the discharge, because this part of the section contains the words "until his discharge," which seem designed to limit this very power. The provision cited above, from section 14, does not enlarge the power of the court. The provision in section 26 is evidently intended to give a remedy for enforcing the duty imposed on the bankrupt by section 14, which declares it to be his duty to make and execute all such necessary instruments at the request of the assignee. Construing them together as parts of a single law they are, it would seem, subject to the same limitation that the act required to be done is to be done during the pendency of the proceeding and before the discharge. The use of the word "debtor," instead of "bankrupt," in section 14, is relied on as giving that section a more liberal construction. But I cannot see how it has any such force. After his discharge the former bankrupt is no longer a "debtor," any more than he is a "bankrupt."

Whether, in a suit in equity, the assignee can now have any relief against the former bankrupt to compel his aid, if required, in realizing the value of this asset, it is unnecessary to determine. Having failed to ask, within the time limited by the statute, for the summary aid of the court for the purpose, he cannot have any relief in this form.

Motion denied.